**MEMO ENDORSED**

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 27, 2023

**VIA ECF**

Hon. Gary Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   *Re: Cheng v. Department of Justice, et al., 23 Civ. 3983 (AT) (GS)*

Dear Judge Stein,

   This office represents the defendants, the Department of Justice and its component, the Federal Bureau of Investigation ("FBI") (collectively, the "Government"), in this action brought by plaintiff Sheng-Wen Cheng ("Plaintiff") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). I write in response to Plaintiff's motion to stay the case, which was docketed on September 25, 2023, *see* ECF No. 28–29, and to respectfully request that the Court hold the summary judgment motion schedule, *see* ECF No. 23, in abeyance pending resolution of Plaintiff's stay motion.

   For background, in his FOIA request, Plaintiff asked the Government to produce "all unclassified documents that ex-President Trump took to his residence (Mar-a-Lago) from the White House." Complaint ("Compl."), ECF No. 1, ¶ 14. The FBI denied the request and informed Plaintiff that the requested records are exempt from disclosure under 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)"), because their disclosure could reasonably be expected to interfere with a pending law enforcement proceeding. Compl. ¶ 16. In its September 7, 2023 order, the Court approved the Government's proposal to move for summary judgment solely based on Exemption 7(A) while reserving other potential exemptions and directed the Government to file the motion by October 23, 2023. *See* ECF No. 23.

   In his motion to stay the case, Plaintiff appears to acknowledge the applicability of Exemption 7(A), but argues that the case should be stayed until the criminal prosecution of Trump in *United States v. Trump, et al.*, No. 23-cr-80101 (S.D. Fla.), is resolved. ECF No. 29 at 2. Plaintiff relies on authorities related to stays of civil cases with parallel criminal proceedings and reasons that Exemption 7(A) "will no longer be applicable once Trump's criminal case is resolved." *Id.* at 3–5.

   The Government does not agree that the criminal prosecution in *United States v. Trump, et al.* warrants a stay of this FOIA action. The criminal prosecution of Trump is not a "parallel" criminal proceeding. While the records at issue in this case relate to the criminal case, Trump is not a party to this civil action, as Plaintiff concedes. *See* ECF No. 29 at 4. Therefore, the traditional justifications for a stay of a civil action in deference to a parallel criminal proceeding

involving the same party are not applicable here. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("In evaluating whether the 'interests of justice' favor such a stay, courts have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment."). Adjudicating this civil action now, and specifically the applicability of Exemption 7(A) to protect the responsive records from public disclosure, would have no impact on the criminal prosecution.

While a stay is not warranted, Plaintiff can accomplish the result he is seeking by dismissing this case without prejudice and filing a new FOIA request after the criminal case is closed. To that end, the Government will attempt to confer with Plaintiff regarding a possible stipulated dismissal. On or before October 9, 2023, the date the Government's response to the motion is due under Local Civil Rule 6.1(b), the Government will either file a stipulation of dismissal or formally oppose Plaintiff's motion to stay the case.  The Government respectfully requests the Court hold the current summary judgment schedule in abeyance until the stay motion is resolved.

Thank you for your consideration of this letter.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  */s/ Alexander Kristofcak*
ALEXANDER KRISTOFCAK
Assistant U.S. Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2768
Alexander.Kristofcak@usdoj.gov

cc: Sheng-Wen Cheng, *pro se*, via mail

The Court agrees with Defendants' proposed approach, which is also consistent with Plaintiff's Sept. 19, 2023 letter (Dkt. No. 30).  Accordingly, the briefing schedule for Defendants' proposed summary judgment motion is hereby suspended.  On or before Oct. 9, 2023, Defendants will file either a stipulation of dismissal or an opposition to Plaintiff's stay motion.  Plaintiff will serve any reply in support of his stay motion by Oct. 30, 2023.  The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff at the following address: No. 05261-509, Federal Medical Center, FMC Rochester, P.O. Box 4000, Rochester, MN 55903.

Dated:          New York, New York
                September 28,2023

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE