UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENG-WEN CHENG,

               Plaintiff,

       -against-

DEPARTMENT OF JUSTICE; and
FEDERAL BUREAU OF
INVESTIGATION,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/23/2026___

23 Civ. 3983 (AT) (GS)

**ORDER**

ANALISA TORRES, District Judge:

On May 12, 2023, Plaintiff *pro se*, Sheng-Wen Cheng, commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, while in Bureau of Prisons ("BOP") custody. *See* Compl., ECF No. 1; *see also* Cheng Ltr., ECF No. 103.[1]

By letter dated March 14, 2025, Cheng informed the Court that he had been released from BOP custody on February 26, 2025, and transferred to Immigration and Customs Enforcement ("ICE") custody. *See* Cheng Ltr. He simultaneously requested a change in mailing address to the jail where he was detained pending removal. *Id.*; *see* ECF No. 102 (Notice of Change of Address). On March 31, Cheng was removed to Taiwan. ECF No. 105. The Government informed the Court that "ICE does not have a current address for Plaintiff." *Id.*

The Honorable Gary Stein stayed the action for 60 days to allow Cheng to provide an updated address to the Court. *See* ECF No. 107. Because Cheng's new address was unknown, Cheng did not receive a copy of that order by mail. *See* Returned Mail, 5/20/2025 ECF Entry. On June 30, 2025, having received no submission, Judge Stein ordered Cheng to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *See* ECF No. 110. Cheng did not receive a copy of that order by mail either.

By letter dated August 28, 2025, the government asked the Court to dismiss this action for failure to prosecute, observing that it had been five months since Cheng had been transferred to ICE custody and that Cheng had not provided an updated mailing address. *See* Gov't Dismissal Ltr., ECF No. 112. On September 2, 2025, Judge Stein issued a report and recommendation ("R&R") recommending that this action be dismissed without prejudice. *See generally* R&R, ECF No. 113. On March 2, 2026, Judge Stein ordered the government to "outline the specific steps undertaken to ascertain Plaintiff's current address since he was removed to Taiwan." ECF No. 115. On March 4, the government responded, explaining that it searched an ICE database, "the best source of information reasonably available to DHS regarding

---

[1] On June 28, 2023, the Court referred this action to the Honorable Gabriel W. Gorenstein for general pre-trial purposes, and on September 7, 2023, amended the order of referral to include the government's anticipated motion for summary judgment. *See* ECF Nos. 7 (Order of Referral), 24 (Amended Order of Referral). Soon thereafter, the referral was reassigned to the Honorable Gary Stein. *See* 9/19/2023 ECF Entries.

[Cheng's] current address," and found no address for Cheng.  ECF No. 116.

Because Cheng's address remains unknown, he has not received a copy of Judge Stein's R&R recommending dismissal without prejudice.  Although the Court typically reviews portions of the R&R to which no objection is made for clear error, *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014), here, the Court reviews the R&R *de novo* because Cheng did not have an opportunity to object.

Federal Rule of Civil Procedure Rule 41(b) authorizes a district court to dismiss a case for failure to prosecute.  A district court must consider five factors in contemplating dismissal:  "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal."  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

The totality of factors supports dismissal without prejudice.  The first factor, duration, weighs strongly in favor of dismissal because Cheng has neither informed the Court of his new mailing address nor submitted filings in this case in over one year.  *See Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("[A] delay of a matter of months can potentially warrant dismissal." (internal quotation marks and citation omitted)).

The second factor also weighs in favor of dismissal.  Although the Court does not find that Cheng received Judge Stein's March 21 and April 25, 2025 orders directing him to notify the Court of his new address, ECF Nos. 101, 107, or the June 30, 2025 order to show cause, ECF No. 110, Cheng was notified when he first filed his suit that it was his "obligation to promptly submit a written notification to the Court if Plaintiff's address changes" and that "the Court may dismiss the action if [he] fails to do so."  IFP Order at 2, ECF No. 5; *see also* Service Order, ECF No. 10 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action is Plaintiff fails to do so.").

The third factor, prejudice, is neutral.  "Here, [Cheng's] delay is excusable because he was deported from the United States. . . . It would not be reasonable to expect [Cheng] to respond to a motion that he may not have received."  *Bueno Diaz v. Mercurio*, No. 19 Civ. 1319, 2020 WL 3893271, at *2 (S.D.N.Y. July 9, 2020) (internal quotations and citations omitted).

The fourth and fifth factors weigh in favor of dismissal without prejudice.  "Because [Cheng] has been deported and his whereabouts and contact information are unknown, it is in the best interest of all parties to dismiss the action without prejudice."  *Id.*; *see also* Fed. R. Civ. P. 41(b) (permitting the court to dismiss the action without prejudice if so specified).  Moreover, dismissal without prejudice will not operate as dismissal with prejudice because Cheng's claims do not appear to be barred by the statute of limitations.  *See* Compl. ¶¶ 18–20 (alleging that the claim accrued in March 2023); *Peck v. C.I.A.*, 787 F. Supp. 63, 64 (S.D.N.Y. 1992) (providing a six-year statute of limitations for FOIA suits).

Accordingly, for the reasons stated in this order, this action is DISMISSED without prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:  April 23, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge